UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LORENZO PFEIFER,<br><br>Plaintiff,<br><br>v.<br><br>ANRIL, ROE,<br><br>Defendants. | CAUSE NO. 3:25-CV-653-CCB-SJF |

**OPINION AND ORDER**

Lorenzo Pfeifer, a prisoner without a lawyer, filed an amended complaint. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pfeifer, who is currently incarcerated at the Wabash Valley Correctional Facility, complains about events that happened at the Indiana State Prison. On March 8, 2025, at approximately 6:31 A.M., Pfeifer says he felt a seizure coming on, so he had the inmate in the cell next to him call for help. A short time later, Sergeant Anril and Sergeant Roe arrived at his cell and ordered him to cuff up. When he was trying to do so, his legs suddenly "gave out," and he fell backwards, hitting his head and back on the ground

during a seizure. ECF 13 at 2. Sergeant Anril entered his cell, sat on his chest with his legs spread apart, and began to squeeze. Pfeifer told Sergeant Anril he was having trouble breathing, but Sergeant Anril just squeezed harder. Sergeant Roe grabbed his leg and pulled him out of his cell. At some point, Sergeant Anril tased him without warning even though he was already in restraints.[1] Pfeifer heard Sergeant Roe tell Sergeant Anril "not to do it again." *Id*. at 3.

Pfeifer slipped in and out of consciousness. He woke up in medical with a nurse waving something under his nose and talking about medication. He states,

> I had heard Sgt. Roe and Sgt. Anril going back and forth about tasing me. Sgt. Roe was telling Sgt. Anril, 'We not about to talk about that right now. Let's concentrate on him.' As Sgt. Anril kept saying, 'I was justified. I had my reason for doing it!' Once again Sgt. Roe told him we are not talking about that.

*Id*. Later, Pfeifer spoke with Captain Rice and Lieutenant Locke and asked them why he had been tased by Sergeant Anril during his seizure. They both told him it shouldn't have happened and that the matter would be looked into. Pfeifer has sued Sergeant Anril and Sergeant Roe for compensatory and punitive damages.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline,

---

[1] He says Sergeant Anril "deployed a single use of his taser more out of impatience or retribution for being uncooperative during this medical emergency more generally rather than a need to maintain order, discipline or institutional security." ECF 13 at 5.

but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotations and citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id*. at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force can be warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors are explored when determining whether an officer's use of force was malicious or legitimate, including the need for applying the force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the prisoner's injury. *Hendrickson*, 589 F.3d at 890.

Here, Pfeifer says he was having a seizure when Sergeant Anril sat on his chest, squeezed him with his legs, and then tased him without warning while dragging him down the hall. The court must accept these allegations as true and take him at his word that he was not displaying threatening/aggressive behavior or resisting orders when the incidents of force described above occurred. *See, e.g., Lewis*, 581 F.3d at 477.

Although further investigation may reveal the force used was legitimate under the circumstances, at this preliminary stage—and giving Pfeifer the benefit of the inferences to which he is entitled—he has stated a plausible Eighth Amendment excessive force claim against Sergeant Anril.

Pfeifer also alleges Sergeant Roe was present during the encounter yet failed to intervene.

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Doxtator v. O'Brien*, 39 F.4th 852, 864 (7th Cir. 2022) (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). This is what has become known as a "failure to intervene" basis for a constitutional violation. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004). A "realistic opportunity to intervene" may exist whenever an officer could have "called for a backup, called for help, or at least cautioned [the excessive force defendant] to stop." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005).

Pfeifer claims Sergeant Roe was present during the incident yet failed to take any action(s) to prevent Sergeant Anril's use of excessive force. Again, although further investigation may reveal Sergeant Roe didn't have a realistic opportunity to intervene to prevent the harm from occurring, at this preliminary stage—and giving Pfeifer the benefit of the inferences to which he is entitled—he has stated a plausible Eighth Amendment failure to intervene claim against Sergeant Roe.

For these reasons, the court:

(1) **GRANTS** Lorenzo Pfeifer leave to proceed against Sergeant Anril in his individual capacity for compensatory and punitive damages for subjecting him to excessive force on March 8, 2025, at the Indiana State Prison in violation of the Eighth Amendment;

(2) **GRANTS** Lorenzo Pfeifer leave to proceed against Sergeant Roe in his individual capacity for compensatory and punitive damages for failing to intervene in Sergeant Anril's use of excessive force on March 8, 2025, at the Indiana State Prison in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Anril and Sergeant Roe at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 13);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Sergeant Anril and Sergeant Roe to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-

1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 24, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT